IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES BOYD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-006-GPM |
| | ) |
| **CITY OF EAST ST. LOUIS, ILLINOIS;** | ) |
| **JAMES MISTER,** In his Official and | ) |
| Individual Capacities; **JANET BATTLE,** In | ) |
| her Official and Individual Capacities; and | ) |
| **DELBERT MARION,** In his Official and | ) |
| Individual Capacities, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Before the Court is Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff claims that Defendants' conduct following his resignation as an East St. Louis, Illinois, police officer violated various state and federal laws. The specific conduct about which Plaintiff complains will be addressed to the extent necessary to dispose of the issues raised in Defendants' motion.

A federal plaintiff need not do much to survive a Rule 12(b)(6) motion.

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. Doe has done that; it is easy to tell what she is complaining about. Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain…" should stop and think: What rule of law requires a complaint to contain that allegation? Rule 9(b) has a short list of things that plaintiffs must plead with particularity … .

> Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later. A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial. *See, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The consistency proviso is why some complaints may be dismissed pronto: litigants may plead themselves out of court by alleging facts that defeat recovery. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). Complaints also may be dismissed when they show that the defendant did no wrong.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). First, the federal claims, for if they fail, the Court will decline jurisdiction over the state claims.[1]

In Count I, Plaintiff asserts a claim against Defendant City of East St. Louis, Illinois, (the City) for retaliation in violation of the Family and Medical Leave Act (FMLA) "pursuant to 29 U.S.C.A. § 2601 *et seq.*" (Doc. 25, ¶ 40). He alleges: Between January and May 2001, he exercised or attempted to exercise his rights under the FMLA. He resigned on or about May 21, 2001, and Defendant Battle, who has been identified as the personnel director for the City of East St. Louis, signed a Notice of Personnel Change form reflecting his resignation. He then filed suit against the City of East St. Louis for violations of the FMLA that resulted in his resignation (*Id*. at ¶ 15). Defendant Marion, the Chief of Police, made an affidavit on behalf of the City that was filed in the 2004 FMLA action stating that Plaintiff had resigned his position (*Id*. at ¶ 16). Then on November 20, 2005, Plaintiff hired a company named *References-etc* to perform background and employment checks to learn what kind of employment references he was getting from his past employers, including the City (*Id*. at ¶¶ 17-20). This company contacted Defendant Mister, who was Chief of Police and Plaintiff's supervisor while Plaintiff was employed with the City (*Id*. at ¶¶ 5, 26). Mister

---

[1] While the Court could retain jurisdiction over those claims, at this stage of the proceedings, it will decline to do so.

responded by acknowledging that Plaintiff worked for the City but refused to provide any other information and then "rudely and unprofessionally hung-up on References-etc" (*Id.* at ¶¶ 21-23, 25). Plaintiff claims that Mister intentionally and maliciously withheld relevant and important information regarding his employment with the City (*Id.* at 24). Moreover, "[c]ontinuously since Plaintiff's resignation in May 2001 Defendant James Mister purports to third parties false and misleading information about Plaintiff's employment history with the City or provides said information or lack of information in such a manner as to harm Plaintiff personally and professionally" (*Id.* at ¶ 27). *References-etc* also contacted Janet Battle, who informed it that Plaintiff worked for the City from May 1994 through May 2001 "but that Plaintiff was fired from his employment with the City of East St. Louis for job abandonment and that he would never be rehired" (*Id.* at ¶ 32). He alleges that Battle knew that this information was false, yet she "willfully and wantonly and maliciously communicated said information about Plaintiff's separation with the City to References-etc knowing it would cause a negative job reference for Plaintiff, which it did" (*Id.* at ¶ 33). He also alleges that "[c]ontinuously since Plaintiff's resignation in May 2001 Defendant Janet Battle purports to third parties false and misleading information about Plaintiff's employment history with the City or provides said information in such a manner as to harm Plaintiff's reputation personally and professionally" (*Id.* at ¶ 34).[2]

With specific reference to his FMLA retaliation claim, he alleges that the City "by and through its agents purports knowingly false information about Plaintiff's past employment with the City to those who inquire, including prospective employers" (*Id.* at ¶ 42) and that the City has

---

[2] The foregoing allegations, among others, are incorporated by reference into Plaintiff's FMLA retaliation claim (Doc. 25, ¶ 41).

intentionally and maliciously interfered with and damaged his prospective employment prospects "making it impossible to find a job in his career field, defamed Plaintiff, created economic hardship, loss of reputation, pain and suffering and emotional distress for Plaintiff" (*Id.* at ¶ 44). Finally, he alleges that the City's "above described conduct constitutes retaliation by Defendant against Plaintiff for his exercise or his attempt to exercise his rights pursuant to the FMLA and that Defendant's said conduct is in violation of the FMLA" (*Id.* at ¶ 45).

Two provisions of the FMLA govern retaliation claims. "Section 2615(a)(2) prohibits discriminat[ion] against any individual for opposing any practice made unlawful by the subchapter; § 2615(b) prohibits discrimination against any individual for instituting or participating in FMLA proceedings or inquiries." *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). The City moves to dismiss Plaintiff's retaliation claim on several bases. First, as emphasized in its brief, it argues that the FMLA's retaliation provisions apply to current employers, which the City is not. Plaintiff counters by citing the language of § 2615(b), which uses the words "any person" rather than employer, as used in § 2615(a)(2). The City argued at the hearing that, without an underlying FMLA claim against the City, there is no retaliation claim. This argument implicates Plaintiff's earlier claims which are familiar to this Court, because the undersigned presided over the earlier FMLA case.[3] Plaintiff lost the earlier case which included a retaliation claim. Therefore, Plaintiff's current retaliation claim is not based on his attempt to obtain FMLA leave from his employer, and he admits as much in his response to the motion to dismiss. Instead, he claims that the retaliation

---

[3] A copy of the Court's order dismissing the earlier case is attached to the City's brief supporting the motion to dismiss. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (permitting a district court to consider public court documents filed in an earlier Indiana state court case in deciding a Rule 12(b)(6) motion to dismiss).

is for filing the FMLA *lawsuit*. While not directly addressing this issue, the Sixth Circuit Court of Appeals hinted at the correct answer. Recognizing that the First and Eleventh Circuits held that a former employee who alleges that his former employer refused to rehire him based on his past use of FMLA leave may state a claim for FMLA retaliation, *see Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303 (11th Cir. 2001); *Duckworth v. Pratt & Whittney, Inc.*, 152 F.3d 1 (1st Cir. 1998), the Sixth Circuit held that to state a claim for FMLA retaliation, the plaintiff must be an employee eligible for leave under the statute. *Humenny v. Genex Corp.*, 390 F.3d 901, 905 (6th Cir. 2004).[4] In *Humenny*, since the employer employed too few employees to be covered by the FMLA, the plaintiff could not assert a retaliation claim "for 'attempting' to assert rights to which she, in good faith, believed she was entitled under the FMLA." *Id*. at 904-05. Analogously, Plaintiff is not complaining in this action that the City retaliated against him for attempting to take FMLA leave. That claim was part of his earlier lawsuit. He is complaining that he was retaliated against for filing a lawsuit under the FMLA. Taking Plaintiff's theory to its logical extension, if he loses this case, in which he asserts a claim under the FMLA, and he continues to be dissatisfied with the references he receives from the City, he could file successive suits for retaliation under the FMLA. There has to be an end to liability, and Plaintiff's theory fails to take this into account. Plaintiff cannot state a retaliation claim under the FMLA.

In Counts VI and VII, Plaintiff attempts to assert claims under 42 U.S.C. § 1983 against Defendants Marion and Battle for "[i]nterference with Plaintiff's liberty interest in pursuit of his occupation." However, nowhere in the amended complaint does Plaintiff allege that these

---

[4] *Humenny* has been cited with approval by the Seventh Circuit Court of Appeals, albeit for a different proposition. *See Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005).

Defendants were acting under color of state law, nor does Plaintiff claim a violation of his rights guaranteed by the Fourteenth Amendment of the United States Constitution. It is clear from the June 26th hearing that this is Plaintiff's intention. It is also clear that although Defendants did not specifically challenge these claims in their motion, as they were added after the motion to dismiss was filed, they do challenge these claims under Rule 12(b)(6).

Viewed in light of the liberal pleading standard set forth above, Plaintiff has pleaded himself out of a due process claim. *Doe v. Smith*, 429 F.3d at 708 ("litigants may plead themselves out of court by alleging facts that defeat recovery").

> It is well-settled that, standing alone, damage to one's reputation does not implicate a cognizable liberty interest. *Paul v. Davis*, 424 U.S. 693, 711-12, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). In the employment context, in which most of these cases arise, we have set forth the following elements of the cause of action. A claim that a government employer has infringed an employee's liberty to pursue his occupation requires: (1) he was stigmatized by the employer's actions; (2) the stigmatizing information was publicly disclosed; and (3) he suffered a tangible loss of other employment opportunities as a result of the public disclosure. *McMath v. City of Gary, Indiana*, 976 F.2d 1026, 1031 (7th Cir. 1992).

*Dupuy v. Samuels*, 397 F.3d 493, 509-10 (7th Cir. 2005). To make out a Due Process Clause liberty interest claim, Plaintiff must satisfy a much higher publication requirement than for a common law defamation claim. To prevail on such a claim, the allegedly defamatory statements must be made during the course of the employment termination or adverse employment action. *Paul*, 424 U.S. at 710; *see also Koch v. Stanard*, 962 F.2d 605, 607-08 (7th Cir. 1992) (Flaum, J., concurring). Here, such statements were made over four years after Plaintiff resigned. While it is true that Plaintiff alleges that Defendant Battle made false and misleading information about his employment history since his resignation in 2001, Plaintiff is alleging a *constitutional* deprivation. The only potentially stigmatizing statement alleged is the one made to *References-etc*, and that statement was made in

2005. This is not a basis for a constitutional claim. This statement is only arguably defamatory, which constitutes Counts III and V of his amended complaint. It is significant that the offensive information was published to a reference company *that Plaintiff hired*. *See Ratliff v. City of Milwaukee*, 795 F.2d 612, 627 (7th Cir. 1986) ("The publication of the reasons in judicial or similar proceedings, which were initiated by the plaintiff after her termination, do not infringe on her liberty interest."). The publication was not made contemporaneous with any adverse employment action so no liberty interest is implicated. Finally, as set forth on the record during the June 26th hearing, Plaintiff has no liberty interest claim against Defendant Marion based on an affidavit that was part of his earlier case.

For these reasons, Plaintiff loses on his federal claims, and they are dismissed with prejudice. The Court declines to exercise jurisdiction over the state claims. Accordingly, Defendants' motion to dismiss (Doc. 12) is **GRANTED in part**, and this entire action is **dismissed**.

**IT IS SO ORDERED.**

DATED: 7/10/06

                    s/ G. Patrick Murphy
                    G. PATRICK MURPHY
                    Chief United States District Judge